## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DYMAX CORPORATION | ) | 3:22-CV-00516 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BETHANY KALACH | ) | |
| *Defendant*. | ) | APRIL 8, 2022 |

### TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Kari A. Dooley, United States District Judge:

Before the Court is the Application for a Temporary Restraining Order and Preliminary Injunction (the "Application") filed by Plaintiff Dymax Corporation ("Dymax"). The Court has reviewed the Application and all related filings thereto.

"The traditional standards which govern consideration of an application for a temporary restraining order…are the same standards as those which govern a preliminary injunction." *Local 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.,* 965 F.2d 1224, 1228 (2d Cir. 1992). In order to obtain a preliminary injunction, a party must demonstrate: "1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *MyWebGrocer, L.L.C. v. Hometown Info., Inc.,* 375 F.3d 94, 96 (2d Cir. 2002)). Pursuant to Fed. R. Civ. P. 65(b), the Court makes the following findings:

Dymax provided notice of this Application by sending all court filings via electronic mail and overnight mail to the Defendant, Bethany Kalach, on April 7, 2022. An electronic summons was issued in accordance with F. R. Civ. P. 4 and D. Conn. L. Civ. R. 4 as to the Defendant on April 7, 2022. The Defendant has not yet appeared.

1

Dymax has demonstrated a sufficient likelihood of success on the merits on the breach of contract cause of action with respect to both the alleged breach of the non-compete provision and the non-disclosure provision contained in the May 7, 2018 "Dymax Agreement," attached to the Complaint as Exhibit 1. Similarly, Dymax has demonstrated sufficient likelihood of success on the merits with respect to claims brought pursuant to the Federal Defend Trade Secrets Act, 18 U.S.C. § 1836 and the Connecticut Uniform Trade Secrets Act, Conn. Gen. Stat. Ann. §§35–50.

The Plaintiff will suffer significant and substantial irreparable harm if temporary relief is not granted. Dymax has put forth verified factual allegations, supported by evidentiary allegations, that the Defendant is presently wrongfully in possession of significant and closely guarded trade secrets regarding, inter alia, the research and development of new products and processes; the Defendant is presently working for a direct competitor of Dymax, allegedly in violation of the Dymax Agreement; the trade secrets at issue would be of substantial value to the Defendant's new employer/a direct competitor of Dymax; and absent immediate restraint, the loss of the trade secrets to the Dymax competitor would cause irreparable harm to Dymax.[1] *See United Rentals, Inc. v. Frey*, CIV. No. 3:10CV1628 (HBF), 2011 WL 693013, at *9 (D. Conn. Feb. 18, 2011) (finding that there is a presumption of irreparable injury when the plaintiff establishes that the defendant is in possession of his former employer's confidential information when he accepts employment with a competitor); *see United Rentals, Inc. v. Bastanzi*, No. 3:05CV596 (RNC), 2005 WL 5543590, at *8 (D. Conn. Dec. 22, 2005) (presuming irreparable harm where former employee joined competitor and plaintiff alleged breach of a restrictive covenant); *see also IDG USA, LLC*

---

[1] The Court observes that the Defendant acknowledged as much in the Dymax Agreement which provides that "Employee further acknowledges that the services to be rendered to DYMAX by Employee will allow Employee to have access to trade secrets and confidential information belonging to DYMAX, the loss of which cannot adequately be compensated by damages in an action at law." Compl., Ex. 1 at ¶ 1.

*v. Schupp*, 416 F. App'x 86, 88 (2d Cir. 20119 (summary order) ("[t]hreatened dissemination of trade secrets generally creates a presumption of irreparable harm").

The hardship to the Defendant occasioned by this grant of temporary relief is *de minimus* in light of the limited relief granted and the prompt scheduling of a hearing on the request for preliminary injunction.

There is a substantial public interest in the protection of trade secrets and proprietary information as well as the enforceability of contracts.

Effective immediately and at least until such time as a hearing is convened on the Application, it is hereby **ORDERED**:

Ms. Kalach is restrained from using or disclosing in any manner any of Dymax's "Confidential Information" as that term is defined in the Dymax Agreement dated May 7, 2018.

To the extent Ms. Kalach has shared any such Confidential Information with her present employer, Henkel Corporation, she shall retrieve all such information to the extent practicable.

Pursuant to Fed. R. Civ. P. 65(2)(C), Ms. Kalach, and any persons or entities acting on her behalf, shall not transfer, remove, or dispose of any Dymax Confidential Information in their possession, custody, or control pending further order of the Court. However, any such other persons shall not be bound by this Order unless they receive actual notice by personal service or otherwise.

These restrictions as well as the other restrictions sought by Dymax in the Application for preliminary injunctive relief shall be further considered by the Court at a hearing on **April 20, 2022 at 10:00 a.m.**, 915 Lafayette Boulevard, Courtroom 4 – Annex, at which time the Defendant shall Show Cause as to why the injunctive relief sought by Dymax should not be ordered and enforced on a preliminary basis during the pendency of this litigation. The temporary relief granted

in this order shall expire on April 20, 2022 at 5:00 p.m. **Dymax shall serve this Temporary Restraining Order and Order to Show Cause on the Defendant on or before April 13, 2022.**

Ms. Kalach shall serve and file any papers in opposition to the request for preliminary injunction on or before **April 18, 2022**.

The Court does not require the posting of bond at this time, but this issue may be revisited at the hearing on the request for preliminary injunctive relief. *See Doctor's Associates, Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996) (finding that the amount of any bond to be given upon the issuance of a preliminary injunction rests within the sound discretion of the trial court so that the district court may dispense with the filing of a bond).

**SO ORDERED** at Bridgeport, Connecticut, this 8th day of April 2022.


 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE